**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGI PUBLISHING, INC., et al., | CASE NO. 1:12-cv-00879-AWI-SKO |
| Plaintiffs, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| HR STAFFING, INC., et al., | (Docket No. 10) |
| Defendants. | |

## I. INTRODUCTION

On April 10, 2012, AGI Publishing, Inc. ("AGI") and Winton-Ireland Insurance Agency, Inc. ("Winton") (collectively "Plaintiffs") filed suit in Fresno County Superior Court asserting claims against Eric Stein; David Bell; Mike Johnson; Insured Solutions, Inc.; IS Agency, Inc.; IS Administrative Service, Inc.; IS Holdings, Inc.; HR Staffing, Inc. ("HR"); Syndicated Services, LLC; and Does 1-50 (collectively "Defendants"). The claims arise out of Defendants' issuance on April 12, 2011, of a certificate of insurance to Winton and its client, AGI. (Doc. 1-1, ¶ 16.)

On May 29, 2012, Defendant HR removed the action to this Court. On June 20, 2012, Plaintiff AGI filed a motion to remand the case to Fresno County Superior Court. Defendant HR filed an opposition to the motion to remand on July 3, 2012. (Doc. 16.) On July 11, 2012, Plaintiff AGI filed a reply brief in support of the motion to remand. (Doc. 17.) Pursuant to U.S. District

1  Court for the Eastern District of California Local Rule 230(g), the matter was deemed suitable for
2  decision without oral argument and the July 18, 2012, hearing was vacated.  (Doc. 20.)  For the
3  reasons set forth below, Plaintiff's motion to remand is GRANTED.

## II. BACKGROUND

According to the complaint, on April 12, 2011, Defendants provided a certificate of insurance to Winton and its client, AGI, purporting to procure Workers Compensation insurance for Plaintiffs. (Doc. 1-1, ¶ 16.)  Accidents occurred after April 12, 2011, and Workers Compensation claims were made to AGI by certain employees.  (Doc. 1-1, ¶ 19.)  When the claims were forwarded to the named insurance carriers, Plaintiffs were informed that the certificate issued by Defendants was "false and fraudulent."  (Doc. 1-1, ¶ 19.)

The complaint alleges the following claims against all Defendants: (1) unfair competition; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; and (6) breach of contract.  The first three claims are brought by both Plaintiffs, the fourth and fifth claims are brought by Winton, and the sixth claim is brought by AGI.

Defendant HR filed a notice of removal on May 29, 2012.  Only the attorney for HR signed the removal notice, which does not allege that consent was obtained from any of the remaining defendants.  (*See* Doc. 1.)  The notice further appears to remove only the claims brought by AGI, i.e., claims one, two, three, and six of the complaint.  (*See* Doc. 1, ¶ 1.)  HR asserts that removal is proper on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (Doc. 1, ¶¶ 5-9.)

On June 20, 2012, Plaintiff AGI filed a motion to remand, contending that the removal was procedurally improper.  (Doc. 10.)  Specifically, AGI argues that HR failed to allege or obtain unanimous consent for the removal from all defendants, and HR's "attempt to only remove some of the claims asserted against it constitutes a fatal defect and requires remand."  (Doc. 10, 3:23-27; 6:12-13.)  HR filed an opposition on July 3, 2012, and AGI filed a reply on July 11, 2012.  (Docs. 16; 17.)

## III. DISCUSSION

**A.  Legal Standard For Remand**

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).  It is presumed, however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The defendant always bears the burden of establishing that removal is proper and the court "resolves all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042.

The propriety of removal requires the consideration of whether the district court has original jurisdiction of the action; i.e., whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446.  If the case is not within the original jurisdiction of the district court, removal is improper.  The absence of subject matter jurisdiction cannot be waived by the parties. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

Federal district courts have original jurisdiction over cases where there is diversity of citizenship, i.e., between citizens of different states. *See* 28 U.S.C. § 1332(a) (2012).  A defendant may remove an action to federal court under Section 1332 provided that no defendant is a citizen of the same state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b)(2) (2012).

### 1. The Rule of Unanimity

Pursuant to the recent amendment to 28 U.S.C. § 1446,[1] "all defendants who have been properly joined and served must join in or consent" to the removal of a civil action over which the district courts have original jurisdiction. 28 U.S.C. § 1446(b)(2)(A); *see also Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting that "a party not served need not be joined" in a petition for removal). The amendment merely codifies the longstanding "rule of unanimity," which can be traced back to the Supreme Court's decision in *Chicago, Rock Island, & Pac. Ry. Co. v. Martin* ("*Martin*"), 178 U.S. 245, 248 (1900). *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Nominal, unknown, or fraudulently joined defendants are exempt from the general rule, and do not need to consent to a removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Neither *Martin* nor the federal statute specifies a particular manner in which co-defendants must manifest their consent or joinder in a removal. *Proctor*, 584 F.3d at 1225. In the Ninth Circuit, "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record [pursuant to Fed. R. Civ. P. 11(a)] is sufficient." *Id.* Where fewer than all served defendants have joined in the removal, "the removing party has the burden under Section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

### 2. Supplemental Jurisdiction

Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."[2] Accordingly, any state-court

---

[1] Section 1446 was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758.

[2] Section 1441 was also recently amended pursuant to section 103 of the Federal Courts Jurisdiction and Venue Clarification Act.

4

action that originally could have been filed in federal court may be removed by the defendant. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Under the supplemental jurisdiction of the district courts, which applies with equal force to cases removed to federal court, the inclusion of additional claims not within the original jurisdiction of the district courts does not preclude removal of the action. *See* 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005) ("[A] District court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action." (citing *City of Chicago*, 522 U.S. at 165)). The Supreme Court further noted that this interpretation of Section 1441(a) applies to cases involving additional parties bringing claims that fail to meet the amount in controversy requirement, though not to additional parties whose citizenship destroys complete diversity. *Exxon*, 545 U.S. at 564. So long as the additional claims "form part of the same case or controversy," the district court may exercise supplemental jurisdiction over them as part of the same removable "civil action." *City of Chicago*, 522 U.S. at 166.

**B.   Defendant HR's Removal Notice is Defective and Remand is Required Pursuant to Section 1447(c)**

In the notice of removal, HR indicates that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶ 9.) Specifically, HR asserts that there is complete diversity of citizenship among the parties, and the amount in controversy for the claims of AGI exceeds $75,000. (Doc. 1, ¶¶ 7-8.)

In the motion to remand, AGI contends that HR failed to obtain the consent of the other served defendants before removing the action from state court, and further failed to allege such consent in the notice of removal, constituting a procedural defect for which the action should be remanded. (*See* Doc. 10, 5:17-19 ("In addition, HR Staffing, Inc.'s Notice of Removal contains no averment of the other defendants' consent to removal . . . ").)

In opposition, HR concedes that the removal notice was filed without the consent of the remaining served defendants. (Doc. 16, 3:11-25.) However, HR asserts that, at the time the removal

notice was filed, the docket for the state action did not indicate whether any other defendants had been served, and counsel for Plaintiff Winton failed to provide any contact information for the remaining defendants. (Doc. 16, 3:11-18.) Under these conditions, HR argues that it was "forced to assume that no other defendants had been served" and filed the notice of removal within the 30-day time period. (Doc. 16, 3:18-21.) HR further asserts that removal of only the claims of AGI was proper because the claims of Winton do not exceed $75,000, and Plaintiffs may not aggregate their damages to meet the amount in controversy requirement. (Doc. 16, 4:18-24.)

It is undisputed that HR failed to obtain the consent of the non-removing defendants prior to removal. (Doc. 16, 3:11-25.) None of the remaining defendants has yet appeared before this Court to either consent or object to the removal. HR further does not assert that any of the other defendants meets one of the recognized exceptions to the unanimity requirement, and concedes that all defendants have been served.[3] HR contends that, even though it later became evident that the other defendants were served at the time of removal, HR's failure to join them should be excused. HR contends that it exercised reasonable diligence to ascertain whether Plaintiff had served the co-defendants, but was unable to do so.

None of the cases cited by the parties specifically address the issue of what is required for HR to show reasonable diligence in ascertaining which defendants had been served at the time of removal. AGI emphasizes the general unanimity rule, asserting that it is a procedural defect which requires remand. (*See* Doc. 10, 5:16-22; Doc. 17, 4:18-21.) HR argues that despite checking the state court docket and contacting counsel for Plaintiff Winton, it had no way to ascertain if service had been completed on the remaining defendants or to obtain their consent. (Doc. 16, 3:11-18.) Based on its "forced" assumption that no other defendants were served, HR filed the removal notice to meet the 30-day deadline. (Doc. 16, 3:18-21.)

---

[3] It is unclear whether Defendant IS Holdings has been served. (*See* Doc. 10, ¶¶ 2-5 (listing dates of service for Defendants Bell, Johnson, Stein, Syndicated Services, IS Administrative Services, Insured Solutions, IS Agency, and HR Staffing); Doc. 16, 3:24-25 ("[P]laintiff has served all defendants more than 30 days ago.").)

According to AGI, at least one defendant was served by substitute service. (*See* Doc. 10, ¶¶ 2-3.) Substitute service is "deemed complete on the 10th day after the mailing," Cal. Civ. Pro. Code § 415.20(b), but this deviation is not relevant here because all defendants were served more than 10 days prior to HR's filing of the removal notice.

There is conflicting authority concerning the extent of a removing defendant's obligation to ascertain whether non-removing defendants have been served at the time the notice of removal is filed. Some district courts have held that the "due diligence" required by a removing defendant is not satisfied by merely checking if proofs of service have been filed on the state court docket. *See, e.g.*, *Barbera v. WMC Mortg. Corp.*, No. C 08-02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar. 18, 2009) ("[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party."); *Orozco v. Equifirst Corp.*, No. CV 08-8064 PA (CWx), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient."); *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996) ("A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. [The removing defendant] should have taken further action to determine whether [the co-defendant] had been served, such as attempting to contact [the co-defendant].")

Other district courts have found to the contrary, holding that defendants exercise reasonable diligence by checking the docket for filed proofs of service prior to filing a removal notice. *See, e.g.*, *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007) ("Defendants did not have a duty to contact Plaintiffs' counsel to investigate whether the remaining defendants were served."); *Laurie v. Nat'l R.R. Passenger Corp.*, No. Civ.A. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) (finding reasonable diligence where defendant repeatedly checked the docket and called clerk's office, and served defendants had not entered appearances or filed answers prior to filing removal notice); *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (holding that consent is only required from served defendants "whom the removing defendant(s) actually knew or should have known had been served.").[4]

Assuming *arguendo* that HR acted with reasonable diligence, HR cannot avail itself of the

---

[4] None of the cited cases finding the reasonable diligence requirement satisfied specifically addresses whether the non-removing defendants had consented or objected to the removal, though *Milstead* does note that such defendants remain free to move to remand if they have objections to the removal. 797 F. Supp. at 574.

7

exception because there is evidence that HR had knowledge that at least one co-defendant had been served at the time the removal notice was filed. (Doc. 18, Rowley Decl., p. 4, Exh. A (email from counsel for co-defendant to HR's counsel on May 22, 2012, stating that the matter may be "ripe for removal, but would like to confirm that with [co-counsel] in the next day before committing. At this time I have our response calendared for 5/31. I am guessing from your email that you were served before my client.").) Given this knowledge, HR's failure to obtain that defendant's consent cannot be excused.

Beyond this, the facts do not establish HR's reasonable diligence. The Court does not find *Lopez* to stand for the bright-line proposition that any check of the state court's online docket constitutes reasonable diligence. In *Lopez*, the removing defendant checked the online docket on the day that removal was effected. Here, HR checked the Fresno County Superior Court online docket on May 21, 2012, but did not file its removal notice until May 29, 2012. Defendant HR attached to the removal notice a copy of the state court docket sheet as of May 21, 2012, which does not include any proofs of service. (*See* Doc. 1-2.) As of July 11, 2012, the docket did contain proofs of service filed May 11, 2012. (*See* Doc. 18, p. 31.) Neither party indicates whether the docket included proofs of service as of May 29, 2012, when the removal notice was filed.

There is no evidence that HR called the Superior Court Clerk's Office to confirm whether service documents had been filed with the Court, but not docketed. HR's failure to check the docket contemporaneously with the filing of the removal notice coupled with a failure to consult the Superior Court to ascertain whether any service documents had been filed but not docketed, distinguishes this action for purposes of applying the permissive standard for reasonable diligence set by *Lopez* and *Milstead*. Under this set of circumstances, reviewing the state-court docket once eight days before filing the removal notice and failing to consult with the state court clerk's office, is not an exercise of reasonable diligence.

The Court notes that HR contacted counsel for Plaintiff Winton, at least twice, to obtain contact information for the other defendants. (*See* Doc. 16, 3:13-18.) According to HR, Winton did not inform HR that the other defendants were served until June 1, 2012, after the removal notice was

8

filed. (Doc. 16, 3:16-17.) HR argues that Plaintiff's counsel failed to provide HR with any contact information for the other defendants prior to the removal deadline such that HR was "forced to assume that no other defendants had been served . . . . " (Doc. 16, 3:18-20.) However, given the email correspondence between HR's counsel and another co-defendant's counsel on May 22, 2012, that indicated the co-defendant had been served, HR's argument is not persuasive.

Finally, HR failed to affirmatively allege and explain the absence of its co-defendants in the removal notice, which itself constitutes a procedural defect that subjects the action to remand. *See, e.g.*, *Miller v. Cal. Dept. of Corr. & Rehab.*, No. 1:10-cv-01428-AWI-SMS PC, 2010 WL 5018151, at *3 (E.D. Cal. Nov. 30, 2010) (failure to affirmatively explain absent defendant constitutes clear dispositive procedural defect); *Parking Concepts, Inc. v. RSUI Grp., Inc.*, No. CV 09-5143 PSG (AJWx), 2009 WL 2973118, at *3 (C.D. Cal. 2009) (finding removal notice "plainly and simply" failed to meet requirements of removal and remanding where defendant included no explanation for absent defendants); *Garcia-Pardini v. Metro. Life Ins. Co.*, No. C-01-0088 VRW, 2001 WL 590037, at *2 (N.D. Cal. May 17, 2001) (remanding where defendant explained absent defendants in opposition but not original removal notice).

In sum, HR's removal notice is procedurally defective for failing to obtain the consent of its co-defendants, who HR concedes were served at the time of removal. There is evidence that HR had knowledge that one defendant had been served prior to the filing of the removal notice and HR was thus required to obtain that co-defendant's consent to the removal. Moreover, given the circumstances, HR's actions in checking the state-court docket on May 21, 2012, learning on May 22, 2012, that at least one other defendant was served, and not rechecking the docket or contacting the Superior Court's clerk's office prior to filing the notice of removal on May 29, 2012, does not establish reasonable diligence sufficient to excuse HR's failure to join its served co-defendants.

**C.     The Court Has Supplemental Jurisdiction over the Claims of Plaintiff Winton**

As the removal was procedurally defective due to HR's failure to obtain the consent of its -co-defendants, the Court need not reach the question whether the removal was improper for failure to remove the claims of all Plaintiffs. Nevertheless, to the extent HR's notice of removal purports to

remove only the claims of Plaintiff AGI, 28 U.S.C. §§ 1441 and 1446 provide that only a "civil action" may be removed to federal district court. In any case, because there is complete diversity and AGI's claims meet the amount in controversy requirement, the Court may exercise supplemental jurisdiction over Plaintiff Winton's claims even if they do not exceed $75,000. *Exxon*, 545 U.S. at 564. As argued by AGI in the reply, and despite HR's assertions to the contrary, the notice of removal effectively removed the entire action from state court, including the claims of Winton.

**D.     Plaintiff's Request for an Award of Attorneys' Fees**

Where a case is remanded following a failed attempt at removal, the district court may impose attorneys' fees and costs incurred by the party who successfully opposed removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, Congress has authorized the court to award attorneys' fees upon remand. The statute does not require the court to make a finding of bad faith prior to awarding fees.

Fees and costs may be awarded only if the remand is based on a procedural defect or the lack of subject matter jurisdiction. *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 555 (9th Cir. 1991). Further, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, there was an objectively reasonable basis for HR's removal. The unsettled law regarding an exception to the unanimity requirement for lack of constructive notice, though not cited by HR, demonstrates that the removal was not objectively unreasonable. There appears to be subject matter jurisdiction over the action, and the matter could have been removed but for the procedural defects in the removal process. Thus, Plaintiff's request for attorneys' fees is DENIED.

## IV.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's Motion to Remand is GRANTED;

2.     Plaintiff's Request for Attorney's Fees and Costs is DENIED;

3. The action is hereby REMANDED to the Fresno County Superior Court; and

4. The Clerk of the Court is DIRECTED to serve a copy of this order on the Fresno County Superior Court.

IT IS SO ORDERED.

**Dated:**   August 7, 2012                              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE